### Ream v. Mullins et al.

December 8, 1950.

Watt M. Prichard, Judge.

P. H. Vincent for appellant.

Nickell & Fanning for appellees.

JUDGE REES—Affirming.

Cynthia A. Ream brought an action against H. R. Mullins and Louise Mullins to recover the sum of $2,000 which she alleged was loaned to the defendants on November 26, 1948. In an amended petition the plaintiff alleged that the money was loaned to the defendants on an oral agreement by them to repay. The defendants in their answer denied that they borrowed the money from the plaintiff, and alleged that plaintiff paid $2,000 on the purchase price of a house located on Hilton Avenue in Ashland which was conveyed to the defendants, the purchase price being $6,750. The payment by plaintiff was pursuant to an agreement whereby she was to occupy a room in the house during her lifetime. They further alleged that the plaintiff selected the house, took possession of a room therein, and occupied it until she left of her own volition. They alleged that the room was still ready for her use and occupancy. The affirmative allegations of the answer were denied in a reply, and upon a trial before a jury a verdict was returned in favor of the defendants. It is argued on this appeal that there was no valid contract between the parties because of a lack of consideration and a lack of mutual agreement, and, consequently, the trial court erred in failing to direct a verdict for the plaintiff.

The evidence discloses that Mrs. Ream and Mrs. Mullins had been intimate friends since the death of Mrs. Ream's husband, a period of about six years, and Mrs. Ream was a frequent visitor in the Mullins home. Mrs. Ream lived in a small house on 23rd Street in Ashland, and Mr. and Mrs. Mullins lived in a 4-room house on 25th Street. Two daughters of Mr. and Mrs. Mullins lived with them. Mrs. Mullins testified that Mrs. Ream suggested the purchase of a larger house in order that she could have a room for her own use, and that she agreed that if such a house was purchased to make the down payment. The amount of the down payment was not specified at that time. Mr. Mullins objected to the arrangement, but Mrs. Mullins and Mrs. Ream visited various real estate brokers in Ashland together and were shown several houses. Mrs. Nona Schump, a real

estate agent, finally showed them the 6-room house located at 1632 Hilton Avenue. It met with the approval of both, and it was purchased. Mrs. Schump testified that she first talked with Mrs. Ream and Mrs. Mullins concerning the Hilton Avenue house on November 22, 1948. She testified in part as follows: "* * * when I showed them the house we discussed different ones, I don't remember their names, but each one was to have a room. They had more bedrooms so that Mrs. Ream could live with them. * * * We discussed the terms of the house and I was asked how much the down payment would be and I told them approximately what the down payment would be. Then they told me how much could be paid. At the time, of course, I had to contact the owner, which was Mrs. Myers, to see whether she would accept the $2,000 down and $50.00 a month until the house was paid for. That was when we were looking at the house the day I met them out there."

The contract was signed, and the $2,000 down payment was made on November 24, 1948. A few days prior thereto Mrs. Ream sold her house on 23rd Street for $3,400 cash and deposited the money in a bank. On November 24 she went to the bank and withdrew $2,000, and accompanied Mrs. Mullins to the real estate office where she handed the $2,000 to the real estate agent as the down payment. Immediately thereafter Mr. and Mrs. Mullins rented their 25th Street house, and they and Mrs. Ream moved into the Hilton Avenue House. Mrs. Ream's furniture was placed in a room selected by her. She lived with the Mullins family for fourteen weeks without paying room rent or board, and she does not complain of their treatment of her during that period.

It is appellant's theory that Mrs. Mullins devised a scheme to defraud her of $2,000, but there is no evidence to sustain such a theory. On the other hand, there is testimony and circumstances to sustain appellees' version of the transaction, i. e., that appellant agreed to make the down payment of $2,000 in return for the right to occupy a room in the newly purchased house during the remainder of her life.

Judgment affirmed.